IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01671-BNB

MYRON RAY CARTER, In Pro Se,

    Plaintiff,

v.

JOSEPH ORTIZ, Director, Colorado Department of Corrections,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JAMES KNOX, Mayor, City of Burlington, Colorado,
JOHNNY CRENSHAW, Security Chief, Kit Carson Correctional Center,
KEVIN A. WINSLOW, Communications Officer, Kit Carson Correctional Center,
MICHELE KHALE, Recreations Officer, Kit Carson Correctional Center,
TIMOTHY ERLICH, Sergeant of Security, Kit Carson Correctional Center,
MARK WING, Kit Carson Correctional Center,
LAURA WING, Kit Carson Correctional Center,
STEVEN PHILLIPS, Kit Carson Correctional Center Property Officer,
MICHAEL INLOW, Kit Carson Correctional Center Sergeant,
JOSE MORALES, Kit Carson Correctional Center Unit B Mamager [sic],
HERIBERTO GALINDA, Kit Carson Correctional Center Captain,
CORRECTIONAL CORPORATION OF AMERICA, Contractor to
    the Colorado Department of Corrections and the City of Burlington, Colorado,
JASON ERHART, Kit Carson Correctional Center Captain,
GREG WILKINSON, Kit Carson Correctional Center Unit B Manager,
JOSEPH CALDART, Kit Carson Correctional Center Plumbing Instructor,
TINA GURULE, Colorado Department of Corrections Liaison, and
OTHER UNNAMED AND UNKNOWN JANE OR JOHN DOES, individually and
    in their official capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 5 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff, Myron Ray Carter, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado. He filed *pro se* an amended complaint for

declaratory and injunctive relief pursuant to 42 U.S.C. § 1981, 1983, 1985(1) (2) and

(3), and 1988 (2003), and pursuant to 28 U.S.C. § 1343 (1993).  He also asserts

jurisdiction pursuant to 18 U.S.C. §§ 241 and 242 (2000).  He alleges that his rights

under the United States Constitution have been violated.

      The Court must construe the amended complaint liberally because Mr. Carter is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Carter will be ordered to file a second amended complaint and to show cause why the

amended complaint should not be dismissed for failure to exhaust the DOC's three-

step, administrative-grievance procedure.

      Mr. Carter fails to allege which claim, if any, is asserted pursuant to 42 U.S.C.

§ 1981.  Because he is proceeding *pro se*, he may not recover an award of attorney's

fees pursuant to 42 U.S.C. § 1988.  *See Turman v. Tuttle*, 711 F.2d 148 (10th Cir.

1983).  The policy underlaying § 1988 was not implemented to compensate *pro se*

litigants.  *Id.*  To the extent Mr. Carter is attempting to initiate a federal criminal

prosecution pursuant to 18 U.S.C. § 241 and 242, he seeks to invoke the authority of

United States attorneys under 28 U.S.C. § 547 (1993) to prosecute for offenses against

the United States.  He may not do so.  Courts universally endorse the principle that

private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876

F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts*

*Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many

decades, that in our federal system crimes are always prosecuted by the Federal

Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Carter lacks standing to maintain a criminal action.

Mr. Carter alleges that he is African-American and serves as a law clerk in the prison's law library. He asserts ten claims. He claims (1) that certain defendants conspired and retaliated against him by destroying his living quarters three times in twenty-eight days from June 28 to July 27, 2006 (claim one); (2) that certain defendants discriminated against him on the basis of race by attempting to have him fired from his job and by attempting to intimidate him (claim two); (3) that certain defendants conspired to deny him access to the courts by depriving him of his legal materials and files necessary to respond to court deadlines (claim three); (4) that certain defendants conspired to deny him legal materials while in segregation so that he could respond to court deadlines (claim four); that the defendant Steven Phillips denied him legal documents so that he could apply for an extension of time in which to file a response due in court on July 31, 2006, and threatened to destroy his files and legal materials if he failed to consolidate them into a box less than two feet by two feet (claim five); that the defendant Joe Ortiz, DOC executive director, failed to protect him from physical assault, verbal abuse, theft and confiscation of legal property, malicious reprisals in retribution for filing suit against Corrections Corporation of America, and failed to protect his access to the courts (claim six); that certain defendants placed him in segregation without due process (claim seven); that certain defendants placed him in

3

segregation for speaking out against the destruction of his cell and are conspiring to deprive him of legal materials and meaningful court access (claim eight); that the defendant Joseph Caldart subjected him to excessive force on August 27, 2006 (claim nine); and that the defendants generally have conspired to cover up their actions to violate his constitutional rights (claim ten).

Mr. Carter must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Burlington May James Knox, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Carter is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Carter should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

In addition, Mr. Carter does not appear to have exhausted through the DOC's

three-step, administrative grievance procedure his claims that do not specifically concern his classification and placement.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Carter is a prisoner confined in a correctional facility.  The claims he asserts relate to prison conditions.  Therefore, he must exhaust the available administrative remedies.  Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner."  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Carter must "either attach copies of administrative proceedings or describe their disposition with specificity."  *Id.* at 1211.  Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  If Mr. Carter has failed to exhaust administrative remedies for any one of his claims that do not specifically concern his classification and placement, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Carter and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range

of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally."  DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step, formal, grievance procedure.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  Mr. Carter's vague statement that "[t]hese allegations are brought under Declaratoy [sic] and Injunctive relief and ongoing violations of my civil rights since 1995," *see* complaint at 7, fails to satisfy the requirement that either he attach copies of administrative proceedings or describe their disposition with specificity. Therefore, Mr. Carter will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative grievance procedure.  Accordingly, it is

ORDERED that Mr. Carter file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step, administrative-grievance procedure.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carter, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Carter submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Carter fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion titled "Motion to Discharge Order to Show Cause Why Plaintiff is Unable to Pay Partial Payment of 11.00 for Initial Filing Fee" submitted to and filed with the Court on December 4, 2006, is denied as moot because Plaintiff paid the $11.00 initial partial filing fee on November 28, 2006.

DATED January 5, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01671-BNB

Myron Ray Carter
Prisoner No. 58637
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copies of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _1/5/07_

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk